UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR02-269-JCC |
| v. | |
| TIFFANI VIANE CROSSMAN, | **PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE** |
| Defendant. | |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on November 10, 2008. The defendant appeared pursuant to a warrant issued in this case. The United States was represented by Mike Scoville, and defendant was represented by Carol Koller. Also present was U.S. Probation Officer Michael s. Larsen. The proceedings were digitally recorded.

## CONVICTION AND SENTENCE

On January 31, 2003, defendant was sentenced to 63 months of imprisonment and three years of supervised release for two counts of bank robbery. Defendant began her term of supervision on April 7, 2007.

## PRIOR VIOLATIONS AND COURT ACTION

On July 24, 2007 a violation report was submitted alleging that defendant had associated

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -1

with a known felon. At the recommendation of the probation department, the Court took no action. On September 25, 2008, defendant consented to a modification request, recommending defendant participate in Moral Reconation Therapy (MRT). The modification was recommended in response to a domestic dispute the defendant had been involved in and because the defendant continued to associate with felons. Defendant was scheduled to begin MRT groups on November 4, 2008.

## PRESENTLY ALLEGED VIOLATIONS AND DEFENDANT'S ADMISSION OF THE VIOLATION

In a petition dated October 31, 2008, Supervising U.S. Probation Officer Michael S. Larsen alleged that defendant violated the following conditions of supervision:

1. Failing to notify the probation officer 10 days prior to a change of residence and absconding from supervision.

2. Failing to follow the instructions of the probation officer.

Defendant admitted violations 1 and 2. Defendant was advised of her right to an evidentiary hearing and waived any hearing as to whether the violations occurred. Defendant was informed the matter would be set for a disposition hearing before Judge Coughenour. No request for release was made and defendant was ordered detained.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of her supervised release as alleged above, and conduct a disposition hearing.

DATED this 10th day of November, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -2